NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MARISA D. POULOS, SBN 197904
marisa.poulos@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,

Plaintiff,

vs.

PRIDE EXECUTIVE CAR SERVICE, INC., an Indiana corporation; JOHN THOMAS MEDIGER, an individual,

Defendants.

Case No.:

**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**

**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**

**2. BREACH OF PERSONAL GUARANTY**

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Pride Executive Car Service, Inc. ("Pride Executive") is, and at all times relevant to this action was, an Indiana corporation, incorporated in Indiana, with its principal place of business in the County of Marion, State of Indiana.

3. Defendant John Thomas Mediger ("Mediger") (collectively with Pride Executive, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Marion, State of Indiana, and was a shareholder, officer, director, agent and/or owner of Pride Executive. Based on information and belief, including the Driver's License submitted by Mediger to Balboa, Mediger is domiciled in Indianapolis, IN 46220.

4. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **<u>30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.</u>** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Pride Executive is a citizen of the State of Indiana; and Mediger is a citizen of the State of Indiana. As such, neither Pride Executive nor Mediger are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

9. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

**(Breach of Equipment Financing Agreement)**

**(Against Pride Executive)**

11. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12. Prior to May 2024, Balboa is informed and believes that Pride Executive initiated and engaged with PAG Indiana G1, LLC, located at 17665 Terry Lee Xing Nobelsville, IN 46060 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Pride Executive in the selection of the Collateral and in coordinating its delivery.

13. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Pride Executive's electronic credit application to Balboa and other financial institutions. Upon review, Pride Executive concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Pride Executive to finance the Collateral being supplied by the Equipment Vendor.

14. On or about May 22, 2024, Pride Executive executed a certain written Equipment Financing Agreement No. 513888-000 (the "EFA"), under the terms of which Balboa loaned to Pride Executive the sum of One Hundred Fifty Thousand Sixty-Seven Dollars and Ninety-One Cents ($150,067.91) to finance the Collateral for its business. The EFA required Pride Executive to make sixty (60) monthly payments of $3,240.19, payable on the 29th day of each month beginning June 29, 2024. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

15. The last payment received by Balboa was credited toward the monthly payment due for May 29, 2025. Therefore, on or about June 29, 2025, Pride Executive breached the EFA by failing to make the monthly payment due on that date. Pride Executive's failure to make timely payments is a default under the terms of the EFA.

16. In accordance with the EFA, and as a proximate result of Pride Executive's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $155,529.12. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Pride Executive.

17. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Pride Executive.

18. As a proximate result of Pride Executive's breach of the EFA, Balboa has been damaged in the sum of $155,529.12, plus prejudgment interest from June 29, 2025, until the entry of judgment herein.

19. Further, under the terms of the EFA, Pride Executive promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Pride Executive.

20. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

**SECOND CAUSE OF ACTION**

**(Breach of Personal Guaranty)**

**(Against Mediger)**

21. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

22. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Pride Executive, Mediger guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Mediger (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

23. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Mediger.

24. Following a default by Pride Executive under the terms of the EFA, Balboa demanded Mediger make the payments required under the EFA. Mediger failed to meet the Guaranty obligations and make the payments required under the EFA.

25. Pursuant to the terms of the Guaranty, the sum of $155,529.12, plus prejudgment interest from June 29, 2025, is due and payable to Balboa from Mediger. This Complaint, in addition to previous demands, shall constitute further demand upon Mediger to pay the entire indebtedness due and owing from Pride Executive to Balboa under the terms of the EFA.

26. Under the terms of the Guaranty, Mediger promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Mediger.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of $155,529.12;

2. Prejudgment interest from June 29, 2025 to the date of entry of judgment;

3. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4. Reasonable attorneys' fees and costs;

5. Costs of suit as provided by law; and

6. Such other and further relief that the Court considers proper.

DATED: September 5, 2025

SALISIAN | LEE LLP

By: ______________________________

Jared T. Densen
Patty W. Chen
Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL